**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5026

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL ANTHONY MCDOUGALD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-04-24)

Submitted: January 4, 2006          Decided: February 7, 2006

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carl Anthony McDougald pled guilty to being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g) (2000). McDougald was sentenced to the statutory mandatory minimum term as an armed career criminal, under 18 U.S.C.A. § 924(e)(1) (West Supp. 2005), to one-hundred-eighty months of imprisonment. On appeal, McDougald alleges that he should be resentenced in light of the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm.

McDougald challenges the district court's determination that he is an armed career criminal, citing Blakely v. Washington, 542 U.S. 296 (2004), and Booker as support for this argument. Because McDougald preserved this issue by timely objecting to the presentence report based upon Blakely, our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[*] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, "we must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see also United States v. White, 405 F.3d 208, 223 (4th Cir.) (discussing difference in burden of proving that error affected substantial

---

[*]Apprendi v. New Jersey, 530 U.S. 466 (2000).

- 2 -

rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)), cert. denied, 126 S. Ct. 668 (2005).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2005), thereby making the Guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). After Booker, courts must calculate the appropriate Guideline range, consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the Guideline range, the district court must state its reasons for doing so. Id.

McDougald's claim that the district court erred in sentencing him as an armed career criminal is foreclosed by United States v. Thompson, 421 F.3d 278 (4th Cir.), petition for cert. filed (Oct. 25, 2005) (No. 05-7266), in which we held that sentencing courts may rely on prior convictions to invoke the enhancement provided by § 924(e)(1), even if the prior convictions were not charged in the indictment or found by a jury, so long as

no facts extraneous to the fact of conviction need be decided. <u>Id.</u> at 282-83. McDougald does not dispute the fact of the prior convictions or identify any "extraneous facts" that are relevant to this case. We therefore conclude that no constitutional error occurred in this case.

McDougald also challenges the continued validity of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 244 (1998), in light of the Supreme Court's decisions in <u>Apprendi</u>, and its progeny. The argument is foreclosed by Circuit precedent. <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005); <u>United States v. Sterling</u>, 283 F.3d 216, 220 (4th Cir. 2002).

Finally, McDougald alleges that the district court erred by considering the Sentencing Guidelines as mandatory. This claim fails because, as discussed above, his sentence was not enhanced as a result of the Guidelines. He was sentenced to the statutory mandatory minimum as an armed career criminal. Furthermore, the district court announced an identical alternative sentence in the event the Guidelines were found to be unconstitutional.

Accordingly, we affirm McDougald's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>